UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER THOMPSON,

    Petitioner,

v.

KENNETH MCKEE,

    Respondent.

_____/

Case No. 09-cv-11062

HONORABLE DENISE PAGE HOOD

**ORDER DENYING PETITION FOR REHEARING; DENYING MOTION FOR CERTIFICATE OF APPEALABILITY; DENYING MOTION FOR ENLARGEMENT OF TIME; AND GRANTING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

This is a habeas corpus action under 28 U.S.C. § 2254. On December 30, 2011, the Court filed an opinion and judgment denying a petition for writ of habeas corpus filed by Petitioner Roger Thompson ("Petitioner") and denying a certificate of appealability. Now before the Court are Petitioner's motions for rehearing, for a certificate of appealability, for enlargement of time, and to proceed in forma pauperis on appeal.

I.

Petitioner Roger Thompson, presently confined at the Lakeland Correctional Facility, Coldwater, Michigan, filed a petition for writ of habeas corpus under 28 U.S..C. § 2254, challenges his jury trial convictions of five counts of first degree premeditated murder, for which he was sentenced to mandatory life imprisonment for each conviction. The Court denied the petition and denied a certificate of appealability. Petitioner timely appealed the denial of the petition. He has also filed a motion for rehearing, a motion for a certificate of appealability, a motion for enlargement of time and an application to proceed *in forma pauperis* on appeal. The United States Court of Appeals for the Sixth Circuit has remanded

jurisdiction to this Court for the purposes of deciding Petitioner's motion for a certificate of appealability.

II.

Petitioner's motion for rehearing and motion for a certificate of appealability will be treated as motions for reconsideration of the Court's earlier order denying the petition for writ of habeas corpus and denying a certificate of appealability. Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that mislead the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is a defect "which is obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citation omitted).

A motion to alter or amend the judgment is not an opportunity to reargue the case and may not be used to argue a new legal theory. *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2007). Motions to alter or amend the judgment may be only granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A motion to alter or amend the judgment must be filed no later than 28 days after judgment has been entered. Fed. R. Civ. P. 59(e).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To receive a certificate of appealability, a petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition would have been resolved in a different

manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations omitted).

The Court has reviewed Petitioner's motion for rehearing and motion for a certificate of appealability. Petitioner has not shown that the Court erred in denying the petition and denying a certificate of appealability as to each of the claims in the petition. Instead, Petitioner merely argues the same issues that the Court already addressed in denying the petition and denying a certificate of appealability, and in some cases raises new arguments beyond those raised by the petition for writ of habeas corpus. The Court does not consider the new arguments raised by the Petitioner: new arguments are inappropriate on a motion for relief from judgment. *See Roger Miller Music*, 477 F.3d at 395; *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008).

Petitioner's first habeas claim asserts that he was denied his right to due process and a fair trial when he was denied timely discovery, the use of an expert, and an adjournment clearly lacked merit. As the Court discussed in its opinion and order, the holding of the Michigan Court of Appeals rejecting this claim was not contrary to nor an unreasonable application of clearly established United States Supreme Court precedent. The Court found that its resolution of this claim would not be debatable among reasonable jurists. Petitioner's motion for reconsideration fails to establish that the Court erred in rejecting this claim or denying a certificate of appealability.

Petitioner's second habeas claim asserts that he was denied his right to due process and the effective assistance of counsel when defense counsel failed to investigate and pursue an insanity defense. This Court rejected this claim for relief, holding that Petitioner had failed to establish that the holding of the Michigan Court of Appeals rejecting this claim was contrary to or an unreasonable application of clearly established United States

3

Supreme Court precedent or based upon an unreasonable determination of the facts. The Court further found that its resolution of this claim would not be debatable among reasonable jurists. Petitioner's motions fail to establish that the Court erred in rejecting this claim or in declining to issue a certificate of appealability.

Petitioner's third claim for habeas relief asserts that he was denied his federal constitutional right to confrontation when the trial court admitted two out-of-court statements made by Christina Knott to the police. The Court denied habeas relief on this claim, finding both that it was procedurally defaulted, because Petitioner did not contemporaneously object to the statements on constitutional grounds, and that the claim lacked merit, because the statements at issue were non-testimonial and therefore their admission did not implicate the Confrontation Clause. The Court also found that its resolution of this claim would not be debatable among reasonable jurists and therefore denied a certificate of appealability on this issue. Petitioner's motions fail to establish the Court's denial of this claim was erroneous or that it erred in denying a certificate of appealability as to this claim.

Petitioner's fourth claim for habeas relief asserts that his federal constitutional rights were violated by the admission of his confession at trial, that the statement should have been videotaped or audiotaped, and that the trial court's refusal to suppress the statement demonstrated bias. The Court rejected this claim for habeas relief, finding that Petitioner failed to establish that the Michigan Court of Appeal's holding rejecting these claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. The Court also found that reasonable jurists would not debate its resolution of this claim. Petitioner's motions do not demonstrate that the Court's earlier order was erroneous.

4

Petitioner's fifth claim for habeas relief asserts that his federal constitutional rights were violated by prosecutorial misconduct. The Court rejected this claim for habeas relief, finding that the claim was procedurally barred and that it lacked merit, because the prosecutor did not commit misconduct. The Court also found that reasonable jurists would not debate the Court's denial of this claim for habeas relief. Petitioner's motions fail to establish an error in the Court's denial of habeas relief or its denial of a certificate of appealability on this claim.

Without any showing of error in the earlier order, the Court must deny Petitioner's motion for reconsideration of its previous order denying habeas relief and denying a certificate of appealability.

III.

Petitioner has applied under 28 U.S.C. § 1915 for leave to proceed *in forma pauperis* on appeal. The Court has reviewed the petition to proceed *in forma pauperis*, the affidavit in support, and the financial status communication, and finds both that the petition meets the requirements of the statute and that an appeal could be taken in good faith. The Court will therefore grant Petitioner leave to proceed *in forma pauperis* on appeal.

IV.

Petitioner has moved for an extension of time to file his notice of appeal and his Rule 59(e) motion for relief from judgment. The Court lacks the power to extend the time to file a Rule 59(e) motion. See Fed. R. Civ. P. 6(b)(2). Petitioner's notice of appeal is dated January 30, 2012 and therefore appears to have been timely filed. See Fed. R. App. P. 4(a)(1) (notice of appeal to be filed within 30 days of entry of judgment); *Houston v. Lack*, 487 U.S. 266, 270 (1988) (prisoner files notice of appeal on date petitioner delivers notice to prison authorities for forwarding to district court). As Petitioner's notice of appeal was

filed within the time required, the Court will deny as moot Petitioner's motion to extend his time for filing his appeal.

V.

WHEREFORE, it is hereby ORDERED that a Petitioner's Motion for Rehearing of Opinion and Order Denying Petition for Writ of Habeas Corpus and Declining to Issue Certificate of Appealability (Dkt. 17) is DENIED.

Petitioner's Motion for Certificate of Appealability (Dkt. 21) is DENIED.

Petitioner's Application to Proceed In Forma Pauperis on Appeal (Dkt. 16) is GRANTED.

Petitioner's Motion for Enlargement of Time (Dkt. 15) is DENIED.

SO ORDERED.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: May 14, 2012

I hereby certify that a copy of the foregoing document was served upon Roger Thompson #520217,. 141 First Street, Coldwater, MI 49036 and counsel of record on May 14, 2012, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager